IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CIV-21-916-R |
| | ) | |
| **HOPE COMMUNITY SERVICES,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, a state pre-trial detainee appearing *pro se* and *in forma pauperis*, filed this action alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On September 20, 3021, Judge Purcell issued a Report and Recommendation wherein he recommended that the case be dismissed without prejudice upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 8). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to an obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. (Doc. No. 9). Having conducted this review, the Court finds as follows.[1]

The Defendants named in the Complaint are Hope Community Services, Inc. and Jane Doe, a case manager for Hope Community Services, Inc. (Doc. No. 1, p. 12). As a

---

[1] Consistent with *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has given Plaintiff's filings liberal construction.

basis for jurisdiction Plaintiff cited 42 U.S.C. § 1983. That statute, however, applies only to state actors, and as set forth in the Report and Recommendation, Plaintiff does not allege facts from which the Court can infer that either Hope Community Services, Inc. or Jane Doe is a state actor. Accordingly, the claims set forth in the Complaint are subject to dismissal.

Finally, Plaintiff requests that the Court appoint him counsel. (Doc. No. 9). The Court hereby DENIES Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). The Court declines Plaintiff's request because dismissal is appropriate.

For the reasons set forth herein, Plaintiff's Complaint is DISMISSED. The Report and Recommendation is ADOPTED in its entirety. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 27st day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

2